UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Whitley Manufacturing Co. Inc.,<br>Plaintiff<br>v.<br>C3 Lighting Solutions Inc.,<br>Defendant | Case No. 2:24-cv-01125-CDS-EJY<br>**Order Granting Plaintiff's Amended Motion for Default Judgment**<br>[ECF No. 16] |

Plaintiff Whitley Manufacturing Co Inc. brings this breach of contract case against defendant C3 Lighting Solutions d/b/a Light Zero Inc. Compl., ECF No. 1. C3 Lighting was served with the summons and complaint on July 10, 2024, but failed to answer or otherwise respond. *See* Summons, ECF No. 7. Under Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of Court entered default against C3 Lighting on October 29, 2024. Default, ECF No. 10. On October 30, 2025, Whitley filed a motion for default judgment against the defendant, Mot., ECF No. 15, and on the same date, filed an amended motion for default judgment, Am. mot., ECF No. 16. To aid the court in resolving Whitley's motion, the court held a hearing March 31, 2026. *See* Mins., ECF Nos. 17–19. During that hearing, the court ordered the plaintiff to produce additional information to support the amended motion. I also denied as moot Whitley's original motion for default judgment against C3 Lighting. *Id.* The plaintiff complied by filing a supplemental declaration on April 14, 2026. Decl., ECF No. 20. For the reasons set forth herein, Whitley's amended motion for default judgment is granted.

## I. Discussion

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> (b) Entering a Default Judgment.
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a)–(b). As the Ninth Circuit has clarified, Rule 55 requires a "two-step process" consisting of (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009); *Cramer v. Target Corp.*, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010).

Here, the plaintiff has satisfied both steps under Rule 55. First, the plaintiff moved for entry of default against C3 Lighting on October 11, 2024. ECF No. 8. The Clerk of the Court entered default on October 29, 2024. Default, ECF No. 10. Second, the plaintiff filed a motion for default judgment against C3 Lighting, ECF No. 15, which was then amended, ECF No. 16. Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The allegations in the complaint are as follows.

Whitley is an Indiana based company that manufactures commercial and industrial modular buildings for customers nationwide. ECF No. 1 at 2, ¶ 1. Between December 2020 and October 2021, Whitley issued three purchase orders to C3 Lighting for the purchase of lighting system fixtures for a twenty-four-unit office building in Tennessee. *Id.*; *see also* ECF Nos. 1-3, 1-4,

1-5.[1] Pursuant to the terms of the purchase orders, the initial items were to be delivered by January 15, 2021. *Id.* C3 Lighting breached the terms of the agreement by delivering the items three to four months late, and the items contained numerous defects, which caused issues for Whitley. *Id.*; *see also id.* at 2, ¶ 6.

Whitley promptly informed C3 Lighting of the issues but the defendant failed to cure the deficiencies. *Id.*; *see also id.* at 2, ¶ 7. As a result, Whitley was forced to seek the services of a third-party—Kissinger Electric—to remedy the issues caused by the defects. *Id.*; *see also* Kissinger Purchase Orders, ECF Nos. 1-6 through 1-10; ECF No. 16-2 (same). Whitley paid Kissinger $161,036.15 to cure the defects. *Id.* Whitley then brought claims for breach of contract, breach of the implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose action against C3 Lighting and now seeks default against them.

The Ninth Circuit looks to seven factors in determining whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). In applying the *Eitel* factors, "all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1173 (C.D. Cal. 2002). Allegations of damages must be proven. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). I address each *Eitel* factor in turn.

---

[1] The court typically may not consider material beyond the pleadings to evaluate a complaint's legal sufficiency under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d). But a court can consider exhibits attached to the complaint or matters properly subject to judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under the incorporation by reference doctrine, the court can also consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not attached to the complaint. *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015).

**A. Factor one: prejudice to Whitley**

As set forth in the complaint, Whitley entered into a contract (purchase orders) with C3 Lighting, and C3 Lighting failed to comply with the terms of the contract. Consequently, Whitley had to expend funds to cure the breach. Whitley argues that, without default, it would be prejudiced. ECF No. 16 at 3. I agree. C3 Lighting was properly served yet failed to appear in this matter. *See* ECF No. 7. Whitley will be prejudiced if default judgment is not entered in its favor because it has no other recourse. *PepsiCo*, 238 F. Supp. 2d at 1177 ("Potential prejudice to Plaintiffs favors granting a default judgment. If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Thus, this factor weighs in Whitley's favor.

**B. Factors two and three: the merits of the claims and sufficiency of the complaint**

The second and third *Eitel* factors look at (1) the merits of the plaintiff's substantive claims and (2) the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. These two factors require that the plaintiff "state a claim on which [it] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. I find that the complaint satisfies this requirement. It sets forth how C3 Lighting violated the contract between the parties: C3 Lighting failed to deliver the lighting system on time, and the system that it delivered contained numerous defects. *See* ECF No. 1. So both factors two and three also weigh in favor of granting default judgment.

**C. Factor four: the amount of money at stake**

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether the recovery sought is proportional to the harm caused by [the] defendant's conduct." *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Parth Enters. Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)); *see also PepsiCo*, 238 F. Supp. 2d at 1176. Here, Whitley seeks $161,036.15, the amount paid to Kissinger to cure the breach by C3 Lighting, and interest on the judgment at the statutory rate

per annum from entry of the default judgment until paid in full plus costs in the amount of $715.00. ECF No. 16 at 1. Whitley's request granted. Whitley is entitled damages, that being the amount of money it paid to cure C3 Lighting's breach, plus interest.[2]

**D. Factor five: the possibility of a dispute concerning material facts**

The fifth *Eitel* factor weighs the possibility of a dispute regarding facts material to the case. *PepsiCo.*, 238 F. Supp. 2d at 1177. As noted above, "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). Whitley sufficiently pled its claims, and there is no evidence demonstrating otherwise, so there is no factual dispute that would preclude entry of judgment. Thus, the fifth factor weighs in favor of granting Whitley's motion.

**E. Factor six: the possibility of excusable neglect**

"The sixth *Eitel* factor considers whether the defendant's default may have been the product of excusable neglect." *Landstar Ranger*, 725 F. Supp. 2d at 920 (citing *Pepsico*, 238 F. Supp 2d at 1177). This factor favors default judgment when the defendant has been properly served, or the plaintiff demonstrates that the defendant is aware of the lawsuit. *See id.* C3 Lighting was served. *See* ECF No. 7. Nonetheless, as noted, they have failed to defend against this action. Thus, there is no evidence before me suggesting that the defendant's failure to respond is due to excusable neglect. Accordingly, this factor also weighs in favor of granting Whitley's motion. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a defendant that failed to appear in the action).

[2] It is unclear from where plaintiff drew the $715.00 amount. In Nevada, once judgment is entered, NRS 17.130(2) provides that when no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied, except for any amount representing future damages, which draws interest only from the time of the entry of the judgment until satisfied, at a rate equal to the prime rate at the largest bank in Nevada plus two percent. This is the amount of interest plaintiff is entitled to, so Whitley is required to submit a supplement to the court advising the interest rate equal to the prime rate at the largest bank in Nevada plus two percent on the date this order is entered so judgment can then be entered.

**F. Factor seven: the policy of resolving cases on the merits**

The seventh *Eitel* factor considers the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although "[c]ases should be decided upon their merits whenever reasonably possible," *id.*, "Rule 55(a) allows a court to decide a case before the merits are heard if [a] defendant fails to appear and defend," *Landstar Ranger*, 725 F. Supp. 2d at 922. Although this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering one. While a decision on the merits is desirable, default judgment is appropriate when defendants fail to appear and respond. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). So this factor also weighs in favor of entering default judgment.

Almost all *Eitel* factors weigh in favor of the entry of default judgment against C3 Lighting. As a result, Whitley's motion for default judgment is granted.

**II. Conclusion**

IT IS HEREBY ORDERED that Whitley's amended motion for entry of default judgment **[ECF No. 16] is granted**.

IT IS FURTHER ORDERED that Whitley must file a supplement setting forth the interest rate from the time of the entry of this order, at a rate equal to the prime rate at the largest bank in Nevada, plus two percent, no later than September 9, 2026.

IT IS FURTHERED ORDERED that once that supplement is filed, the Clerk of Court must enter default judgment against C3 Lighting Solutions d/b/a Light Zero Inc. C3 Lighting must pay $161,036.15 in damages, plus interest at the rate set forth above until judgment is satisfied.

Dated: August 27, 2026

Cristina D. Silva
United States District Judge